MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,             :   VERIFIED COMPLAINT

              - v -                   :   07 Civ. 3528

$60,000.00 IN UNITED STATES           
CURRENCY,                             

                                      :
              Defendant-in-rem.       :
------------------------------------X

      Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

### I. NATURE OF THE ACTION

      1.    This action is brought by the United States of America pursuant to 21 U.S.C. § 881(a)(6) seeking the forfeiture of $60,000.00 in United States currency (the "DEFENDANT CURRENCY"), on the ground that it constitutes moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

## II. JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because actions and omissions giving rise to the forfeiture took place in the Southern District of New York and because the DEFENDANT CURRENCY was found and seized in the Southern District of New York.

3.  The DEFENDANT CURRENCY is presently in the custody of the United States Marshals Service.

## III. PROBABLE CAUSE FOR FORFEITURE

4.  On or about November 16, 2006 a police officer ("PO") from the Westchester County Police Department ("WCPD") conducted a car stop of a 2004 Nissan Armada sports utility vehicle (the "car"), in Westchester County, for driving left of center and failing to maintain lane. Inside the car were JORGE CRUZ-SOTO ("SOTO"), who was in the driver's seat, and LENNOX HENRY ("HENRY"), who was in the passenger's seat. SOTO provided a Florida driver's license and HENRY provided a New York driver's license. SOTO stated that he had committed a traffic violation because it was foggy and he had been trying to locate females in the area. SOTO showed signs of nervousness.

5.  The PO asked and received consent to search the vehicle. Inside the rear area of the car near the hatch, the PO discovered a white shopping bag containing the DEFENDANT

CURRENCY, which was wrapped in rubber bands. The DEFENDANT CURRENCY consisted of 2,950 twenty dollar bills and 100 one hundred dollar bills. The PO also found two Hertz car rental agreements, both of which were in SOTO's name.

6. The PO asked SOTO and HENRY who the money belonged to. Both men replied that it was not theirs and that they did not know who it belonged to.

7. The PO issued two traffic tickets to SOTO. The PO escorted SOTO and HENRY to Westchester County Police Department headquarters.

8. At the headquarters, a WCPD detective ("Det-1") interviewed SOTO. SOTO stated, in substance and in part, the following:

    a. The car belongs to SOTO's cousin, ELVIS RODRIGUEZ ("RODRIGUEZ"), whom SOTO claimed owned an Associated Supermarket in Brooklyn. The money was proceeds from the supermarket business. RODRIGUEZ told SOTO that there was money in the car. SOTO helps Rodriguez make deposits for the store. RODRIGUEZ leaves money in the car, which he parks in the driveway of his residence.

    b. SOTO picked up his friend HENRY to travel to Westchester to meet girls.

    c. When asked why RODRIGUEZ would leave $60,000 in a car, SOTO stated that RODRIGUEZ probably forgot about it.

    d. SOTO then provided Det-1 with RODRIGUEZ's phone number.

9. Det-1 then called the phone number provided by SOTO. The male who answered identified himself as "Elvis

Rodriguez." RODRIGUEZ stated, in substance and in part, that he owns a 2004 Nissan; that he had loaned the car to an individual named "Jorge Soto"; that he does not own a supermarket, but instead is employed in the deli of a supermarket; that he does not handle proceeds of, nor make deposits for, the supermarket; that SOTO is a friend, not a cousin, and he does not know where SOTO is employed; that he did not leave jewelry or money in the car; that the DEFENDANT CURRENCY does not belong to him or the supermarket, and that he had no idea why it was in his car.

10. In or about February 2, 2007, the Drug Enforcement Administration received an affidavit from RODRIGUEZ asserting a claim for the DEFENDANT CURRENCY. RODRIGUEZ stated, in substance and in part, that he is the lawful owner of the DEFENDANT CURRENCY and that the car in which it was found belongs to him.

11. According to records maintained by the New York State Department of Motor Vehicles, the car is registered to an individual named "Elvis R. Rodriguez."

12. RODRIGUEZ previously was convicted, in or about December 1993, in United States District Court for the Eastern District of Virginia, for violating federal narcotics laws.

IV. CLAIM FOR FORFEITURE

13. The allegations contained in paragraphs one through twelve of the Complaint are incorporated herein.

14. Pursuant to 21 U.S.C. § 881(a)(6), all moneys

furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

15. The DEFENDANT CURRENCY is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

16. By reason of the above, the DEFENDANT CURRENCY became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT CURRENCY and that all persons having an interest in the DEFENDANT CURRENCY be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the DEFENDANT CURRENCY to the United States of America for disposition according to law, and that this Court grant plaintiff

such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
     May 2, 2007

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the Plaintiff
                        United States of America

By: *Anna E. Arreola* (signature)
                        ANNA ARREOLA
                        Assistant United States Attorney
                        One St. Andrew's Plaza
                        New York, New York 10007
                        Telephone: (212) 637-2218

<u>VERIFICATION</u>

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

Cornelius J. Westbrook, being duly sworn, deposes and says that he is a detective with the Westchester County Police Department, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information and the grounds of his belief are official records and files of the Westchester County Police Department and the United States, and discussions with and documents prepared by other law enforcement officers and others.

_____
Detective Cornelius J. Westbrook
Westchester County Police
Department

Sworn to before me this
2nd day of May, 2007

_____
NOTARY PUBLIC

JILL M. KAYLOR
Notary Public, State of New York
No. 01KA5040839
Qualified in Queens County
Commission Expires March 20, 20_11_