ORIGINAL

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA E. ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA,            :

                 Plaintiff,          :
                                          DECLARATION IN SUPPORT
                 - v -               :    OF DEFAULT JUDGMENT

$60,000.00 IN UNITED STATES          :    07 Civ. 3528 (CM)
CURRENCY,
                                     :
                 Defendant-in-rem.
-----------------------------------x

        ANNA E. ARREOLA, pursuant to 28 U.S.C. § 1746, declares

under penalty of perjury as follows:

        1.   I am an Assistant United States Attorney in the

Office of Michael J. Garcia, United States of Attorney for the

Southern District of New York, attorney for plaintiff herein.   I

have responsibility for the above-captioned matter, and as such,

I am familiar with the facts and circumstances of this

proceeding.   This declaration is submitted in support of

plaintiff's request for a default judgment in the above-captioned

case.

### The Verified Complaint

        2.   This action seeks forfeiture of $60,000 in United

1

States Currency (the "Defendant Currency"), which was seized by the Westchester County Police Department ("WCPD") on November 16, 2006 in Westchester County, New York. The United States commenced this action by the filing of a verified complaint (the "Complaint") on August 6, 2007. A copy of the verified complaint is attached hereto as Exhibit C and is fully incorporated byreference herein.

       3.   As alleged in the Complaint, the WCPD seized the Defendant Currency on November 16, 2006 from a 2004 Nissan Armada sports utility vehicle belonging to Elvis Rodriguez ("Rodriguez"). (Compl. ¶¶ 4-5). Earlier in the day, an officer stopped the vehicle for driving left of center and failing to maintain lane. (Compl. ¶ 5). Inside the car were Jorge Cruz-Soto ("Soto"), who was in the driver's seat, and Lennox Henry ("Henry"), who was in the passenger's seat. (Id.). The officer asked and received consent to search the vehicle. (Id.). Inside the rear area of the car, the officer discovered a white shopping bag containing the Defendant Currency, which was wrapped in rubber bands. (Id.). The officer asked the men who the money belonged to. (Compl. ¶ 6). Both men replied that it was not theirs and that they did not know who it belonged to. (Id.). A WCPD detective later called Rodriguez, the registered owner of the vehicle. (Compl. ¶ 9). Rodriguez stated, in substance and in part, that the Defendant Currency did not belong to him.

(<u>Id.</u>).

     4.    The Drug Enforcement Administration ("DEA") subsequently initiated an administrative forfeiture action against the Defendant Currency by serving notice of the action and advertising the seizure.  Notice of the nonjudicial forfeiture was published in the <u>Wall Street Journal</u> on January 29, 2007, February 5, 2007, and February 12, 2007.  The DEA has provided me with a copy of the relevant newspaper pages, which are attached hereto as <u>Exhibit A</u>.

     5.    Thereafter, Rodriguez filed a claim, through his attorney, Wayne B. Wiseman, Esq., Wiseman & Hoffman, 460 Park Avenue South, 4th floor, New York, New York 10016, opposing nonjudicial forfeiture.  A copy of the claim is attached hereto as <u>Exhibit B</u>.

     6.    In light of Rodriguez's claim, the United States commenced this civil action for the forfeiture of the Defendant Currency by filing the Complaint.

## Notice

     7.    On or about May 3, 2007, a notice letter and a copy of the Complaint were sent by certified mail to Rodriguez's attorney, Wayne B. Wiseman, Esq., at Wiseman & Hoffman, 460 Park Avenue South, New York, New York 10016.  A copy of this letter and the Complaint were also sent, by certified mail, to Rodriguez, at ████████, Woodhaven, New York 11421.  The

3

Government subsequently received a signed receipt of delivery for the notice letter sent to Rodriguez and to his attorney. A copy of the notice letter and the receipt confirmations are attached hereto as Exhibit D. Rodriguez is the only person known by the Government to have a potential interest in the Defendant Currency.

8.    In addition to the mailed notice, notice of the verified complaint and in rem warrant against the Defendant Currency was published in the New York Law Journal on May 21, 2007. Proof of such publication was filed with the Clerk of this Court on September 6, 2007. A copy of this proof of publication is attached hereto as Exhibit E.

9.    The Government has provided adequate notice pursuant to Rule G of the Supplement Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims. First, the Government provided direct notice to the only known potential claimant--Rodriguez--and to his attorney. See Rule G(4)(b)(iii)(B) ("Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case."); see also Bye v. United States, 105 F.3d 856, 857 (2d Cir. 1997) (finding adequate notice where "the government sent notice to the attorney who represented Bye in his then-pending related criminal

4

proceeding").

        10.  Second, the Government complied with the publication requirements of Rule G.  Rule G(4)(a)(iii)(B) states that "[p]ublished notice must appear . . . only once if, before the action was filed, notice of nonjudicial forfeiture of the same property was published . . . in a newspaper of general circulation for three consecutive weeks in a district where publication is authorized under Rule G(4)(a)(iv)."  Rule G(4)(a)(iv) in turns provides that publication may be made "in a newspaper generally circulated in the district where the . . . the property was seized."  Here, the DEA published notice once a week for three consecutive weeks in the <u>Wall Street Journal</u>, and the Government published notice once in the <u>New York Law Journal</u>, thereby satisfying the publication requirements of Rule G.

        11.  Publication was completed on May 21, 2007 and direct notice was sent on or about May 3, 2007.  No claims or answers were filed or made in this action, no parties have appeared to contest the action to date, and the requisite time periods have expired.  <u>See</u> 18 U.S.C. § 983(a)(4)(A) ("any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's

complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint"); Rule G(4)(b)(ii) (claim must be filed "at least 35 days after the notice is sent"); Rule G(5)(a)(ii)(B) ("if notice was published but direct notice was not sent to the claimant or the claimant's attorney," claim must be filed "no later than 30 days after final publication of newspaper notice").

     12.  Finally, to the best of my knowledge and belief, Rodriguez is not a minor, mentally incompetent, nor in the military service of the United States.

     13.  Accordingly, the Government requests that the Court enter the proposed Default Judgment.

     14.  No previous application for the relief requested herein has been sought.

Dated:    New York, New York
        June 5, 2008

                          _____
                          Anna E. Arreola
                          Assistant U.S. Attorney
                          One St. Andrew's Plaza
                          New York, New York 10007
                          Tel. (212) 637-2218